BOLIN, Judge
(concurring).
I concur in the result but disagree with some of the statements and findings set forth in our opinion.
I think the tutorship proceedings are null for failure to publish the notice of the application as provided in the second paragraph of Louisiana C.C.P. Art. 4065. This publication is required in order to allow an opponent to show a prior right to the appointment “or the grounds upon which it is claimed the applicant is disqualified” * * * (La.C.C.P. Art. 4066). The purpose of the quoted portion of Article 4066 is to allow any party to show in a contradictory hearing the applicant is disqualified. This provision, being for the benefit of the public, may not be waived. However, the first paragraph of Article 4065 is for the express benefit of the ascendants and, in my opinion, may therefore be waived. In the instant case all the living ascendants were parties to the tutorship proceedings and waived service of citation.
I also think the opinion unnecessarily makes a finding on the qualification of Mr. Woodard to be appointed tutor. Having found the tutorship proceedings null it would appear to be obiter dictum to comment upon his qualifications. Parenthetically, I might compound the error by adding that my appreciation of the evidence convinces me he was shown to be “incapable of performing the duties of the office”. In *135 any event, the case has been remanded to the lower court and the parties will he permitted to introduce additional evidence after which the trial judge will make a finding on this question.
With the foregoing explanation I concur in our judgment nullifying the tutorship proceedings and remanding the case for further proceedings.